In re William L. HACKER, Debtor.

William L. Hacker, Plaintiff,

v.

David Hodges as Assignee of Citizens Bank of Macclenny, Defendant.

Bankruptcy No. 00–02519–BKC–3F3. Adversary No. 00–191.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

July 12, 2000.

Thomas Lobello, III, Jacksonville, FL, for Defendant.

Bryan K. Mickler, Jacksonville, FL, for Plaintiff.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

JERRY A. FUNK, Bankruptcy Judge.

This Proceeding is before the Court on a Motion for Summary Judgment filed by David Hodges, as Assignee of Citizens Bank of Macclenny, ("Defendant") on June 26, 2000. (Doc. 7.) William L. Hacker ("Plaintiff") filed a response on July 7, 2000. (Doc. 10.) On March 31, 2000 Plaintiff filed a voluntary petition for bankruptcy relief under Chapter 13 of the Bankruptcy Code. On June 6, 2000 Plaintiff filed a Complaint to recover a preference under 11 U.S.C. § 547(b). (Doc. 1.) Plaintiff alleges that Defendant docketed a writ of execution with the Sheriff of Duval County within ninety days of Plaintiff's filing for bankruptcy protection and that such action constitutes a preference under § 547(b). Defendant filed an answer denying material allegations of Plaintiff's complaint simultaneous with the pending motion. (Doc. 6 & 7.) Upon examining these pleadings on their merits, the Court finds granting summary judgment in favor of Defendant to be appropriate.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c) (2000). The moving party bears the initial burden of showing the court, by reference to materials on file that there are no genuine issues of material fact that should be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 607 (11th Cir.1991). A moving party discharges its burden on a motion for summary judgment by "showing" or "pointing out" to the court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325, 106 S.Ct. 2548. In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the court must draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. *Spence v. Zimmerman*, 873 F.2d 256 (11th Cir.1989).

Defendant contends that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. In support of his Motion, Defendant issued an Affidavit stating that he personally paid to have the Writ of Execution docketed on March 3, 1999. Also attached is a receipt from the Sheriff's Office for a writ of execution dated March 3, 1999.

Plaintiff contends that genuine issues of material fact exist and that Defendant is not entitled to judgment as a matter of law. Plaintiff claims that the docketing of the writ of execution, which under Florida law generally places a lien on property subject to execution, was done within ninety days of Plaintiff's filing for bankruptcy protection. Plaintiff supports his position with two Instructions for Levy dated March 15, 2000 and a Civil Unit Storage/DUI Impoundment Form. However, the Control Number is the same for the Civil Unit Storage/DUI Impoundment Form and the receipt Defendant uses to support his Motion. The only issue involved in this proceeding is whether a lien in favor of Defendant was created within ninety days of Plaintiff's filing for bankruptcy protection.

Section 547 of the Bankruptcy Code provides in pertinent part that:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or **within 90 days before the date of the filing of the petition;** or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b) (West 2000) (emphasis added).

■ From the evidence presented, the Court finds that on March 3, 1999, over ninety days prior to the filing date, Plaintiff docketed a writ of execution with the Sheriff of Duval County, Florida. At that point, Plaintiff's judgment became a lien upon personal property owned by Defendant that is subject to execution. *See* Chapter 56, Florida Statutes; *Goodyear Tire & Rubber Co. v. Daniell,* 72 Fla. 489, 73 So. 592, 593 (1916); *Flagship State Bank of Jacksonville v. Carantzas,* 352 So.2d 1259, 1261 (Fla. 1st DCA 1977), *cert. denied* 361 So.2d 830 (1978). A levy is not required to perfect the lien once it is delivered to the Sheriff for execution. *See Sun Bank, N.A. v. Snell (In re Cone),* 11 B.R. 925, 928 (Bankr.M.D.Fla.1981) (holding lien created and perfected upon delivery of writ of execution to sheriff).

Plaintiff is mistaken in his position that the March 5, 2000 Instructions for Levy contradict Defendant's docketing of the writ of execution on March 3, 1999. The Instructions for Levy are a method of enforcing a lien, not a requirement of creating a lien. The evidence before the Court establishes that a lien in favor of Defendant was created over ninety days prior to Plaintiff's filing. Accordingly, there was no preferential transfer to Defendant within ninety days of Plaintiff's filing and Defendant is entitled to judgment as a matter of law.

■ The Court also notes Defendant's affirmative defense that Plaintiff lacks standing to bring this matter. Aside from a debtor's avoidance powers set forth in § 363, Chapter 13 debtors have no standing to exercise the avoidance powers of a Trustee. *Cf.* 11 U.S.C. § 522 (West 2000). *See In re Tillery,* 124 B.R. 127, 128 (Bankr.M.D.Fla.1991); *Colandrea v. Colandrea (In re Colandrea),* 17 B.R. 568, 583 (Bankr.D.Md.1982).

Accordingly, it is **ORDERED:**

Defendant's Motion for Summary Judgment is **granted.**